O

# United States District Court
# Central District of California

TEKOMA CHANEY,

Plaintiff,

v.

TRANSDEV SERVICES INC. et al.,

Defendants.

Case № 2:24-cv-10761-ODW (AJRx)

**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS [18]**

## I.    INTRODUCTION

Plaintiff Tekoma Chaney brings this action for labor and civil rights violations against Defendants Transdev Services Inc. and Jamie Ogilvie.  (Notice Removal ("NOR") Ex. A ("Compl."), Dkt. No. 1-1.)  Transdev now moves for judgment on the pleadings under Federal Rule of Civil Procedure ("Rule" or "Rules") 12(c) for certain causes of action.  (Mot. J. Pleadings ("Motion" or "Mot."), Dkt. No. 18.)  For the reasons below, the Court **GRANTS** Transdev's Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.    BACKGROUND[2]

On or around March 18, 2019, Chaney began working for Transdev as a bus driver. (Compl. ¶ 10.) Chaney alleges that, during her employment, her supervisors discriminated against her. (*See id.* ¶¶ 14, 23–24, 48.) Transdev also penalized her for properly requesting leave under the Family and Medical Leave Act to care for her children. (*Id.* ¶¶ 16–17, 22, 25, 37.) Additionally, Transdev penalized Chaney for absences stemming from work-related injuries. (*Id.* ¶¶ 18–19, 21.) On or around January 24, 2020, Transdev terminated Chaney's employment for her "absenteeism and tardiness." (*Id.* ¶ 47.)

On November 17, 2023, Chaney filed this action, asserting sixteen causes of action under California statutory and common law. (*Id.* ¶¶ 60–263.) Transdev now moves for judgment on the pleadings for the following claims: (1) failure to provide overtime compensation (count 1), (2) failure to provide rest breaks (count 2), (3) failure to provide meal breaks (count 3), (4) waiting time penalties (count 4), (5) failure to provide accurate itemized wage statements (count 5), (6) retaliation (count 12), and (7) wrongful termination in violation of public policy (count 16). (Mot. 3.)

## III.    LEGAL STANDARD

After the pleadings are closed, but early enough not to delay trial, any party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). The standard applied to a Rule 12(c) motion is essentially the same as that applied to a Rule 12(b)(6) motion. *McGlinchy*, 845 F.2d at 810. Judgment on the pleadings is appropriate when "the moving party is entitled to judgment as a matter of law," even if "all the allegations in the pleadings [are] true." *Milne ex rel. Coyne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1042 (9th Cir. 2005). "Conclusory allegations without more are

---

[2] For purposes of Transdev's Rule 12(c) Motion, the Court accepts Chaney's well-pleaded allegations as true. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

insufficient to defeat" a motion for judgment on the pleadings. *McGlinchy*, 845 F.2d at 810.

If judgment on the pleadings is appropriate, a court has discretion to grant the nonmoving party leave to amend, dismiss the claim or the case, or enter a judgment. *Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV.      DISCUSSION

Transdev moves for judgment on the pleadings on the grounds that Chaney's California Labor Code and wrongful termination claims are time barred in whole or in part. (Mot. 3.)

### A.      Labor Code Claims (Counts 1–5, 12)

Chaney asserts six causes of action under the California Labor Code: (1) failure to provide overtime compensation, (2) failure to provide rest breaks, (3) failure to provide meal breaks, (4) waiting time penalties, (5) failure to provide accurate itemized wage statements, and (6) retaliation. (Compl. ¶¶ 65–96, 197–209.) Transdev argues that these causes of action are partially or entirely time barred. (Mot. 5–7.)

Under California Code of Civil Procedure section 338, statutory claims for monetary damages, including those brought under the Labor Code, are subject to a three-year statute of limitations. *See Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1110–14 (2007) (holding that section 338's three-year statute of limitations applies to rest break, meal break, and overtime claims). This limitations period also applies to waiting time and retaliation claims brought under the California Labor Code. *Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1398–99 (2010); *Ayala v. Frito Lay, Inc.*, 263 F. Supp. 3d 891, 917 (E.D. Cal. 2017). Wage statement claims are

subject to a one-year statute of limitations because they seek statutory penalties. *Murphy*, 40 Cal. 4th at 1108, 1118 n.16.

Transdev terminated Chaney's employment on January 24, 2020. (Compl. ¶ 47.) Thus, Chaney's Labor Code claims could not have accrued any later than that date. *See Aubry v. Goldhor*, 201 Cal. App. 3d 399, 406 (1988) (holding that overtime claims accrue "on each regular payday immediately following" a work period). Applying the three-year and one-year statutes of limitations, Chaney had until January 24, 2023 to file her claims for monetary damages and until January 24, 2021 to file her wage statement claim. As Chaney did not initiate this action until November 17, 2023, her California Labor Code claims fall outside the statute of limitations and are untimely.

Chaney offers several arguments to avoid the statute of limitations. First, she argues that Emergency Rule 9 of the California Rules of Court tolled her claims. (Opp'n 6–7, Dkt. No. 19.) Under Emergency Rule 9, "the statutes of limitations and repose for civil causes of action . . . are tolled from April 6, 2020, until October 1, 2020." In practice, Emergency Rule 9 granted Chaney an extra 178 days to file her complaint, extending the limitations period to July 21, 2023, for her monetary damages claims. However, Chaney did not initiate this action until November 17, 2023, meaning that Emergency Rule 9 does not bring her claims within the statute of limitations.

Next, Chaney argues that California's Unfair Competition Law's ("UCL") four-year statute of limitations applies because she frames her Labor Code claims as UCL claims.[3] (Opp'n 11.) However, Chaney brings her claims under the Labor Code—not the UCL. (Compl. ¶¶ 61–96, 197–209.) The Court finds no authority

---

[3] Transdev seems to agree with Chaney that the four-year statute of limitations applies to these Labor Code claims, ultimately asking the Court to find only that Chaney's claims are partially time-barred. (*See, e.g.*, Mot. 6.) Transdev's mistaken belief, and the partial relief that Transdev seeks based on that mistaken belief, does not relieve the Court of its duty to apply the correct law. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000) (holding that the appellant's omission of relevant authority did not "relieve the district court of the duty to apply the correct legal standard").

permitting a court to import a longer statute of limitations from one statutory scheme to govern distinct claims brought under another.  Nor would such a rule make sense: if the Court were to adopt Chaney's rule, then any plaintiff could evade applicable statutes of limitations simply by invoking the UCL.  Moreover, none of the cases that Chaney cites are apposite.  (Opp'n 11–12.)  While Chaney's cases address whether the UCL can borrow another statute's substantive provisions, none consider whether another statute can borrow the UCL's statute of limitations.[4]

Finally, Chaney argues that the phrase "on or about" creates ambiguity as to when her claims accrued.  (Opp'n 18.)  However, the term "on or about" does not create a basis for ambiguity extending *months* beyond her termination on January 24, 2020.  "[T]he term 'on or about' at most opens the time frame by one or two days, and merely serves to prevent any dickering over the small technicality of an exact date." *United States v. McCown*, 711 F.2d 1441, 1450 (9th Cir. 1983).  Perhaps if Chaney missed the statute of limitations by a few days, the outcome of this Motion might be different.  However, Chaney missed the statute of limitations by *months*.  Thus, the Court is unpersuaded that judgment on the pleadings is inappropriate simply because Chaney used the term "on or about."[5]

For these reasons, the Court **GRANTS** Transdev's Motion as to Chaney's first through fifth and twelfth causes of action.  As the Court finds Chaney's claims fails as a matter of law, this dismissal is **WITHOUT LEAVE TO AMEND**.

---

[4] To be clear, Chaney is still free to pursue her fifteenth cause of action for violation of the UCL under a theory that she is owed restitution because of Transdev's California Labor Code violations.

[5] Chaney also argues that her retaliation claims "may" be tolled because section 1102.5 claims often present "tolling questions."  (Opp'n 17–18.)  However, Chaney fails to identify what "questions" may be presented in this case.  Thus, the Court finds that Chaney waives this argument. *United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) ("Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived.").

**B.    Wrongful Termination (Count 16)**

Chaney alleges that Transdev terminated her employment in violation of public policy.  (Compl. ¶ 251.)  Transdev argues that Chaney's wrongful termination claim is time-barred.  (Reply 8–9.)

Wrongful termination in violation of public policy can be pleaded under common law (as a violation of public policy) or under the Fair Employment and Housing Act ("FEHA").  *See Prue v. Brady Co./San Diego, Inc.*, 242 Cal. App. 4th 1367, 1382 (2015).  Here, Chaney brings her wrongful termination claim under common law, rather than under FEHA.  (*See* Compl. ¶ 251.)  A two-year statute of limitations applies to wrongful termination claims brought under common law.  *Prue*, 242 Cal. App. 4th at 1382.

Transdev terminated Chaney's employment on January 24, 2020.  (Compl. ¶ 47.)  Thus, her wrongful termination claim must have accrued by that date.  Applying the two-year statute of limitations, Chaney had until January 24, 2022, to bring her wrongful termination claim.  However, she did not initiate this action until November 17, 2023.  Thus, her wrongful termination claim is time barred.

Besides raising similar arguments to those the Court rejected above, Chaney also tries to avoid this conclusion by arguing that she actually pleaded her wrongful termination claim under FEHA and not public policy.  (Opp'n 19.)  In doing so, Chaney asks the Court to ignore what she plainly alleges in her Complaint: that she brings her wrongful termination claim as a "violation of public policy."  (Compl. ¶ 255.)  Thus, her claim is a common law tort cause of action.  *See Prue*, 242 Cal. App. 4th at 1382.

Therefore, the Court **GRANTS** Transdev's Motion as to Chaney's sixteenth cause of action.  As the public policy claim is time-barred as a matter of law, and as the deadline to amend pleadings has long since expired, this dismissal is **WITHOUT LEAVE TO AMEND**.

## V.    CONCLUSION

For the reasons discussed above, the Court **GRANTS** Transdev's Motion for Judgment on the Pleadings.  (Dkt. No. 18.)  The Court **DISMISSES** Chaney's first through fifth, twelfth, and sixteenth causes of action **WITHOUT LEAVE TO AMEND**.

**IT IS SO ORDERED.**

April 9, 2026

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**