**O**

# United States District Court
# Central District of California

| | |
|---|---|
| TEKOMA CHANEY,<br>Plaintiff,<br>v.<br>TRANSDEV SERVICES, INC. et al.,<br>Defendants. | Case № 2:24-cv-10761-ODW (AJRx)<br><br>**ORDER GRANTING IN PART MOTION FOR ATTORNEYS' FEES [50] AND DENYING MOTION TO RETAX COSTS [59]** |

## I. INTRODUCTION

On April 29, 2026, the Court issued a final judgment for Defendants Transdev Services, Inc. and James Ogilvie and against Plaintiff Tekoma Chaney. (J., Dkt. No. 47.) Transdev now moves to recover its attorneys' fees as a prevailing party pursuant to California Labor Code section 218.5. (Mot. Att'ys' Fees ("Mot. Fees"), Dkt. No. 50.) Chaney also moves to retax costs, seeking review of the Clerk's award of costs for Defendants and against Chaney. (Mot. Retax Costs ("Mot. Retax"), Dkt. No. 59.) For the following reasons, the Court **GRANTS IN PART** Transdev's Motion for Attorneys' Fees and **DENIES** Chaney's Motion to Retax Costs.[1]

[1] Having carefully considered the papers filed in connection with the Motions, the Court deemed the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

On November 17, 2023, Chaney filed this action against Transdev, her former employer. (Notice Removal Ex. A ("Compl.") ¶¶ 60–263, Dkt. No. 1-1.) Chaney alleged, among other things, that Transdev failed to provide her with requisite rest breaks or meal breaks. (*Id.* ¶¶ 69–96.) Chaney brought sixteen causes of action, including (1) failure to provide rest breaks (count 2), (2) failure to provide meal breaks (count 3), (3) waiting time penalties (count 4), and (4) failure to provide accurate itemized wage statements (count 5). (*Id.*)

On April 9, 2026, the Court granted Transdev's motion for judgment on the pleadings and dismissed, among others, the four aforementioned causes of action. (Order Grant MJOP 7, Dkt. No. 42.) The Court found that Chaney's rest break, meal break, waiting time, and wage statement claims were all brought well outside the applicable statutes of limitations. (*Id.* at 3–5.) The Court also found several of Chaney's arguments particularly unpersuasive, including her argument that the phrase "on or about" can extend an accrual date by months. (*Id.* at 5.)

On April 29, 2026, after granting Defendants' motions for summary judgment on Chaney's remaining claims, the Court entered a final judgment in favor of Defendants and against Chaney. (J.) On May 12, 2026, Defendants applied to the Clerk to tax its costs against Chaney. (Appl. Tax Costs, Dkt. No. 49.) On June 22, 2026, the Clerk granted Defendants' application and awarded $9,521.82 in costs in favor of Defendants and against Chaney. (Bill Costs, Dkt. No. 54.)

Transdev now moves for attorneys' fees pursuant to California Labor Code section 218.5. (Mot. Fees 6.) Chaney also timely moves to retax costs pursuant to Local Rule 54-2.5. (Mot. Retax 2.)

## III. MOTION FOR ATTORNEYS' FEES

Transdev moves for attorneys' fees under California Labor Code section 218.5[2] for attorneys' fees. (Mot. Fees 6.) Under section 218.5(a), courts "shall award

[2] Unless otherwise specified, all further references to "sections" are to the California Labor Code.

reasonable attorney's fees and costs to the prevailing party" in "any action brought for the nonpayment of wages." However, where the prevailing party is an employer, courts must first find that the "employee brought the court action in bad faith." Cal. Labor Code § 218.5(a).

**A. Entitlement to Attorneys' Fees**

Transdev seeks attorneys' fees incurred in defending against four of Chaney's causes of action: (1) failure to provide rest breaks under section 226.7, (2) failure to provide meal breaks under section 226.7, (3) waiting time penalties under section 203, and (4) failure to provide accurate itemized wage statements under section 226(e).

As an initial matter, the Court finds that Transdev is not entitled to recover attorneys' fees for defending Chaney's rest break or meal break causes of action. Transdev asks the Court to infer that Chaney acted in bad faith because Transdev notified Chaney's counsel of its ultimately successful statute of limitations argument. (Mot. Fees 14–15.) However, as the Court noted, Transdev itself got the statute of limitations argument wrong. (Order Grant MJOP 4 n.3.) Thus, the Court declines to find Chaney acted in bad faith in continuing to bring these claims when Transdev itself could not identify the correct applicable limitations period, and thus, declines to award attorneys' fees for Transdev's defense of these claims.[3]

However, Transdev is entitled to recover attorneys' fees for defending Chaney's waiting time penalties and wage statement causes of action. Chaney brought her waiting time penalty claim under section 203 and her wage statement claim under section 226(e). (Compl. ¶¶ 84, 91.) California courts have held that similar claims brought under identical statutes are "brought for the nonpayment of wages," and therefore subject to section 218.5's fee-shifting provision. *See Betancourt v. OS Restaurant Servs., LLC*, 83 Cal. App. 5th 132, 140 (2022) (holding that claims brought under sections 203 and 226(e) are "for nonpayment of wages" and subject to

[3] As Transdev fails to meet its burden to demonstrate bad faith, the Court need not reach the parties' threshold arguments regarding the applicability of section 218.5 to claims brought under section 226.7.

fee-shifting under section 218.5).[4] Thus, Chaney's waiting time and wage statement claims are subject to section 218.5's fee-shifting provision.

Further, the Court finds that Transdev sufficiently demonstrates that Chaney brought her wage statement claim in bad faith. Courts can infer bad faith if the employee's claims were objectively frivolous. *See Arave v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 19 Cal. App. 5th 525, 545 (2018) ("The legislative history [of section 218.5] indicates the Legislature intends employers to recover fees when they defeat frivolous claims." (citation modified)); *Cruz v. Fusion Buffet, Inc.*, 57 Cal. App. 5th 221, 244 (2020) (examining whether claims were "objectively without foundation"). Courts must "resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, [her] action must have been unreasonable or without foundation." *Cruz*, 57 Cal. App. 5th at 244 (quoting *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421–22 (1978)).

In its Order Granting Judgment on the Pleadings, the Court explained why Chaney's waiting time and wage statement claims were time-barred, and the Court need not repeat that analysis. (Order Grant MJOP 3–5.) Several additional factors lead the Court to conclude that those claims were objectively frivolous. First, Chaney's claims were so belatedly filed that the delay weighs in favor of a finding of frivolity and bad faith. Even giving Chaney the benefit of Emergency Rule 9, which tolled statutes of limitations for 178 days, Chaney still brought her waiting time claim nearly four months too late. (*See id.* at 4 (finding the limitations period expired on July 21, 2023, nearly four months before she filed the action on November 17, 2023).) Chaney's assertion of a wage statement claim is even more egregious: the statute of

[4] Chaney appears to argue that *Betancourt* does not authorize an employer to seek fees because it dealt with an employee's fee-shifting request. (Opp'n Mot. Fees 10, Dkt. No. 53.) This argument borders on frivolous. *Betancourt* clarifies what statutes fall under section 218.5; it does not preclude employers from seeking fees under section 218.5. Nor could it, considering section 218.5 explicitly courts to award fees to employers.

limitations on that claim expired on January 24, 2021, yet she filed the claim on November 17, 2023, over *two-and-a-half years* later. (*Id.*)

Second, Chaney's "on or about" argument was itself objectively frivolous. Chaney's argument that the phrase "on or about" can extend an accrual date by *months* strains credulity. But the argument crosses into bad faith because Chaney had no reasonable factual basis to make such an argument. During her deposition, Chaney confirmed *twice* that Transdev terminated her between January 23 to January 25, 2021, meaning that her claims could not have accrued any later than those dates. (Decl. Allison M. Scott ISO Mot. Summ J. Ex. C ("First Chaney Dep Tr.") 158:25–159:3, Dkt. No. 32-7; Decl. Allison M. Scott ISO Mot. Fees ("Scott Decl.") Ex. D ("Second Chaney Dep. Tr.") 179:4–8, Dkt. No. 50-6.) Despite this knowledge, Chaney argued that her claims could have accrued as late as November 2021, ten months later. Such bald-faced misrepresentation must have been made in bad faith.

Finally, Transdev also demonstrates subjective bad faith because Chaney was placed on explicit notice of the above deficiencies. *See Corbett v. Hayward Dodge, Inc.*, 119 Cal. App. 4th 915, 926 (2004) ("[W]hen the defense presents evidence that a tactic or action has no merit, a court has the discretion to infer the plaintiff knew it lacked merit and pursued the action for some ulterior motive." (citation modified)). On at least five occasions, Transdev's counsel informed Chaney's counsel of its time-bar arguments. (Scott Decl. ¶¶ 6–8, 15–16, Dkt. No. 50-1.) Yet, as best the Court can tell, Chaney's counsel never even attempted to rebut the time-bar arguments. All Chaney's counsel could muster was, "I do not see any ruling in the file based on these arguments, so I think they are still in play." (*Id.* ¶ 6.) The Court does not presume to set a rule where reasonable disagreements about unsettled law can rise to the level of bad faith. However, where the disagreement is unreasonable, where the law is settled, and where counsel blithely waves away meritorious legal arguments in the face of undisputed facts, the Court can, and does, find bad faith.

For these reasons, the Court finds that Chaney brought her waiting time and wage statement claims in bad faith, and that Transdev is entitled to attorneys' fees for time spent defending these claims.

**B. Amount and Reasonableness**

To determine a reasonable fee award under section 218.5, courts use the "lodestar" method. *Pavillard v. Ignite Int'l, Ltd.*, No. 2:21-cv-01306-RGK (Ex), 2022 WL 2390185, at *1 (C.D. Cal. June 17, 2022). The lodestar method involves multiplying the number of "reasonable hours" expended by the reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The resultant lodestar figure is presumptively reasonable. *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). However, the fee applicant bears the burden of demonstrating the reasonableness of the hours expended and requested hourly rates. *Hensley*, 461 U.S. at 437.

Transdev seeks $24,306.25 in fees, or one-quarter of the total attorneys' fees Transdev's counsel billed in this matter, which is itself equivalent to one-quarter of Chaney's total claims in this matter. (Mot. Fees 23.) First, the Court finds that Transdev has demonstrated its requested hourly rates are reasonable. Transdev seeks hourly rates up to $325, even for its most experienced counsel. (*Id.* at 19–22.) In the Court's view, Transdev's requested rates are more than reasonable in this legal market. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011); *see Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997) ("Generally, the relevant community is the forum in which the district court sits."). Second, after thoroughly reviewing the time records Transdev submitted, the Court finds that the hours claimed are adequately documented and that none are "unnecessary, duplicative, or excessive." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986) (citing *Hensley*, 461 U.S. at 433–34), *op. am. on denial of reh'g*, 808 F.2d 1373 (9th Cir. 1987). However, as the Court found that Transdev is not entitled to fees incurred defending against Chaney's rest break or meal break claims, the Court halves the lodestar figure,

resulting in a final lodestar figure of $12,153.13. Thus, the Court **GRANTS IN PART** Transdev's Motion for Attorneys' Fees and awards **$12,153.13** to Transdev.

## IV. MOTION TO RETAX COSTS

Chaney moves to retax costs pursuant to Local Rule 54-2.5, seeking review of the Clerk's taxation of costs against her in the amount of $9,521.82. (Mot. Retax, Dkt. No. 59.) Chaney's only argument is that the California Labor Code requires a finding of bad faith before imposing costs on a plaintiff. (*Id.* at 3–5.) However, cost awards are a procedural matter governed by Rule 54, which, as a default rule, awards costs to the prevailing party. *Gardner v. Fed. Express Corp.*, 719 F. App'x 559, 562 (9th Cir. 2017); *Mauran v. Wal-Mart Stores, Inc.*, No. 2:16-cv-07808-RGK (JCx), 2018 WL 11359178, at *1 (C.D. Cal. Jan. 10, 2018). And, as taught in first-year civil procedure classes across the country, federal courts sitting in diversity (as the Court is here) apply state substantive law but federal procedural law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Thus, Rule 54, not the California Labor Code, applies to the Clerk's cost award. *See, e.g.*, *Drumm v. Morningstar, Inc.*, 695 F. Supp. 2d 1014, 1026–27 (N.D. Cal. 2010) (reviewing a cost award under Rule 54 and not section 218.5). As Chaney does not identify any other reason why the Court should disallow costs under Rule 54, the Court **DENIES** her Motion to Retax Costs and **AFFIRMS** the Clerk's cost award.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** Transdev's Motion for Attorneys' Fees, (Dkt. No. 50), and **AWARDS $12,153.13** in attorneys' fees. The Court also **DENIES** Chaney's Motion to Retax Costs, (Dkt. No. 59), and **AFFIRMS** the Clerk's award of costs for Defendants and against Chaney, (Dkt. No. 54). Chaney shall remit payment within **thirty (30) days** of this Order.

**IT IS SO ORDERED**.

September 4, 2026

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**